**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10154 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00905-DCB-JJM-1 |
| v. | |
| DAVID ALEJO MARTINEZ-GRIJALVA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted March 14, 2012
Berkeley, California

Before: NOONAN, McKEOWN, and M. SMITH, Circuit Judges.

David Alejo Martinez-Grijalva appeals his sentence based on his jury

conviction for conspiracy to possess with intent to distribute 100 kilograms of

cocaine and possession with intent to distribute one kilogram of cocaine. Because

the parties are familiar with the factual and procedural history of this case, we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate his sentence and remand to the district court for resentencing.

Martinez-Grijalva raises a claim of sentencing entrapment, citing U.S.S.G. § 2D1.1 Application Note 12 ("Note 12"). Although he argued the substance of Note 12 before the district court—i.e., that the quantities discussed were "puffing" and that the issue of "capacity or ability to truly deliver on what they promised, is something that the court ought to take into account in determining sentence"—he failed to cite to or object under Note 12. The government claims that Martinez-Grijalva's arguments were insufficient to preserve this claim. Nonetheless, even if it is forfeited, we review for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993) (plain error standard permits an appellate court to reverse if there was (a) an error, (b) that was plain, and (c) that affected substantial rights).

"Sentencing entrapment or 'sentence factor manipulation' occurs when 'a defendant, although predisposed to commit a minor or lesser offense, is entrapped in[to] committing a greater offense subject to greater punishment." *United States v. Staufer*, 38 F.3d 1103, 1106 (9th Cir. 1994). When sentencing entrapment occurs, "the amount of drugs used in calculating the defendant's sentence should

be reduced by the amount that 'flows from the entrapment.'" *United States v. Briggs*, 623 F.3d 724, 729 (9th Cir. 2010). Under Note 12, if a defendant makes a proper showing that he "was not reasonably capable of providing . . . the agreed-upon quantity," the court must exclude the quantity that he establishes he was not reasonably capable of providing. U.S.S.G. § 2D1.1 App. n.12. Finally, under our circuit precedent, "Application Notes 12 and 17 [now incorporated into Note 12] clearly require the district court to determine whether sentencing entrapment has occurred. Under Note 12, the district court 'shall exclude' from the calculation the amount of drugs which flow from sentencing entrapment." *United States v. Naranjo*, 52 F.3d 245, 250 (9th Cir. 1995).

At sentencing, the district court rejected arguments relating to sentencing entrapment because it concluded that any relief would require the court to invalidate the jury's verdict. That conclusion was erroneous, at odds with our precedent, and affected Martinez-Grijalva's substantial rights. The ultimate determination of sentencing entrapment is within the province of the sentencing judge, and the mere fact of conviction does not trump this obligation. Under *Naranjo*, Martinez-Grijalva's inability to produce 100 kilograms of cocaine—instead producing two kilograms of cocaine and fifty-nine kilograms of building plaster—raises a significant issue. We vacate Martinez-Grijalva's

3

sentence and remand for resentencing. We take no position on whether relief should be granted, and, on remand, Grajeda-Encinas has the burden of proving sentencing entrapment by a preponderance of the evidence. *Naranjo*, 52 F.3d at 250.

**REVERSED AND REMANDED.**